# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROYAH YARWEH              :
   *Plaintiff,*
                                      :        CIVIL ACTION
      v.                                  NO. 18-4423
                                      :
GREYHOUND LINES, LLC.
   *Defendant.*                  :

## **MEMORANDUM**

**Jones, II J.**                                                                      September 3, 2019

### I. Introduction

Plaintiff Troyah Yarweh commenced this action against Defendant Greyhound Lines, LLC, alleging injuries he sustained while riding as a passenger on a Greyhound Lines bus. This case was originally an arbitration matter. The arbitrators found in favor of Defendant and Plaintiff appealed, seeking a trial *de novo.* However, Defendant filed the instant Motion for Summary Judgment before a trial *de novo* could occur. For the reasons set forth below, Defendant's Motion shall be granted.

### II. Background

The undisputed facts are as follows:

On May 16, 2018, Plaintiff was a Passenger on one of Defendant's buses, headed to Pittsburgh, Pennsylvania. (SUF ¶1.) Plaintiff boarded Defendant's bus in Philadelphia, Pennsylvania where it was raining at the time. (SUF ¶3.) Defendant's bus made stops in Norristown and Harrisburg on its way to Pittsburgh. (SUF ¶3.) It was raining as passengers boarded and alighted from the bus. (SUF ¶¶8-9.) After waiting a period of time at the Harrisburg stop, Plaintiff decided to exit the bus with his daughter. (SUF ¶10.)

1

The bus driver was not present at the bottom of the bus steps at the time Plaintiff decided to exit the bus.[1] (CSUF ¶25.) Additionally, there was an off-duty Greyhound employee present on the bus who did not take-over for the bus driver when she left her post at the bottom of the bus stairs. (CSUF ¶26.)

As Plaintiff moved towards the front exit of the bus, he noticed the aisle near the top of the steps was wet. (SUF ¶11.) Plaintiff did not know how or when the aisle became wet, nor did he know whether the wet substance in the aisle was water. (SUF ¶¶12-14.) However, Plaintiff surmised that water had been tracked in by other passengers exiting and entering the bus in the rain. (CSUF ¶¶12-14). Plaintiff proceeded down the aisle carrying his daughter through the wet substance to the bus steps. (SUF ¶15.) Although Plaintiff did not see whether the steps were wet, he did observe there was water in the aisle near the top of the steps. (CSUF ¶¶16-17.) Plaintiff alleges he was caused to slip and fall on the wet substance on the steps of Defendant's Greyhound Bus. (SUF ¶¶16-17.)

Emergency Medical Services transported Plaintiff from the Harrisburg Bus Station to the University of Pittsburg Medical Center ("UPMC Pinnacle"). (SUF ¶19.) UPMC Pinnacle's encounter records provide a statement by Plaintiff "that he believed he missed a step then felt and heard his (right) ankle pop." (Mot. Summ. J. Ex. C.)[2] Plaintiff

---

[1] It is disputed whether the bus driver was reasonably required to stand post at the bottom of the steps at the time Plaintiff exited the bus. (Def.'s Br. Supp. Mot. Summ. J. 4.) Plaintiff asserts there is a policy requiring the bus driver to stand at the bottom of the steps to insure passenger safety. (CSUF ¶ 25.) Defendant argues that whether or not there is a policy, it is not reasonable to require the bus driver to stand at the bottom of the steps for the entire duration of the rest stop. (Def.'s Supp. Mot. Summ. J. 4.) In any event, Plaintiff fails to support his assertion regarding the existence of a policy with any evidence of record.

[2] In Defendant's Statement of Undisputed facts, it claims "Plaintiff additionally states in UPMC records that he was 'descending the stairs of the Greyhound bus while holding luggage and his daughter when he tripped, sustaining a twisting ankle injury.'" (SUF ¶¶20-21.) Although

denies Defendant's interpretation of the hospital records but does not dispute the accuracy of the hospital's record of the incident.[3] (CSUF ¶¶20-21.)

### III. Standard of Review

Federal Rule of Civil Procedure 56(a) requires a court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted). Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001) (quoting *Celotex*, 477

---

Plaintiff does not dispute the assertion, the citation Defendant provides does not contain this information. As such, this fact shall not be deemed admitted. (SUF ¶21.)

[3] Plaintiff argues that medical records should only be used for medically related purposes and not as legally binding statements. (CSUF ¶¶ 20-21.) This issue shall be addressed below.

3

at 325). "[A] nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted). Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

IV. **Discussion**

Defendant moves for Summary Judgment on three bases. First, Defendant asserts that between his deposition and medical records, Plaintiff has provided three different accounts regarding whether he saw the steps as he exited the bus. (Mot. Summ. J. 3.) Consequently, Defendant argues Plaintiff's inconsistent versions of the incident creates an absence of evidence to support Plaintiff's negligence claim (Mot. Summ. J. 4.) Second, Defendant asserts that even assuming Plaintiff's Complaint alleged material facts consistent with those established through discovery and testimony, Plaintiff's negligence claim fails because the facts provided by Plaintiff are purely circumstantial and do not outweigh other reasonable inferences as to the cause of Plaintiff's fall. (Mot. Summ. J. 4.) Lastly, Defendant argues that if the circumstantial evidence of wet steps is accepted as fact, "wet steps during a rain event does not establish negligence." (Mot. Summ. J. 5.)

This Court shall address each of Defendant's arguments in turn.

A. **Negligence**

To succeed on a negligence claim under Pennsylvania law, a plaintiff must show: "1) the defendant owed a duty of care; 2) the defendant breached that duty; 3) the breach resulted in injury; and 4) the plaintiff suffered actual damage." *Harrison v. Megabus Northeast, LLC*, No.

4

12-5017, 2013 U.S. Dist. LEXIS 145910, at *5 (E.D. Pa. Oct. 8, 2013). It is well settled that "[a] common carrier for hire, although not an insurer, owes its passengers the highest degree of care." *Young v. Greyhound Lines, Inc.*, CIVIL ACTION NO. 99-CV-1239, 2000 U.S. Dist. LEXIS 19306, at *4 (E.D. Pa. Dec. 22, 2000) (citing *Connolly v. Phila. Transp. Co.*, 216 A.2d 60, 62 (Pa. 1966)).

This Court notes the parties' reliance on Section 343 of the Restatement (Second) of Torts in relation to the duty of care of a common carrier. However, this Section clarifies the duty of care to a *possessor of land*. Instead, Section 314A provides: "a common carrier is under a duty to its passengers to take reasonable action to protect them against unreasonable risk of physical harm." *Fabend v. Rosewood Hotels & Resorts, LLC*, 381 F.3d 152, 155 (3d Cir. 2004) (citing Restatement (Second) of Torts, § 314A).

### i. Plaintiff's Inconsistent Statements

Defendant asserts that Plaintiff's claim for negligence fails due to Plaintiff's own inconsistencies regarding the condition of the steps before he exited the bus. (Def.'s Mot. Summ. J. 3.) Plaintiff concedes that there are inconsistencies between his own deposition statements and those contained within hospital records. (Pl.'s Resp. Mot. Summ. J. 6.) Based on such inconsistencies, Plaintiff asserts that there is a genuine issue of material fact and question of testimony credibility. (Pl.'s Resp. Mot. Summ. J. 6.)

The Supreme Court has remarked that "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . .without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Moreover, the nonmovant "cannot simply ignore" the contradiction; he or she must provide an explanation sufficient

5

enough to warrant a fact finder to conclude the possibility of the nonmovant's assertions. *Detz v. Greiner Indus.*, 346 F.3d 109, 116 (3d Cir. 2003); *see also Houston v. Dialysis Clinic, Inc.*, Civ. Action No. 13-4461, 2015 U.S. Dist. LEXIS 83151, at *17-18 (D. N.J. June 26, 2015) ("[B]ecause of Plaintiff's inconsistent statements and documentary evidence to the contrary, on a summary judgment motion, I need not credit Plaintiff's self-serving statements during her deposition; it is not sufficient to defeat summary judgment.").

Applying this reasoning to the instant matter, this Court finds that Plaintiff has failed to explain the discrepancies in his testimony. As argued by Defendant, Plaintiff has provided several different sworn accounts of the incident. In a recorded statement, Plaintiff was asked what actually caused the fall, to which he responded "The steps, they must have been wet. It was raining outside. The people were coming in and off the bus . . . the stairs were wet due to the weather." (Yarweh Dep. Ex. 1 at 3-4, April 1, 2019.) At his subsequent deposition, Plaintiff first testified that as he was walking towards the steps, he noticed water on the ground and picked his daughter up so she would not slip but then he fell as he took the first step. (Yarweh Dep. 39:14-20, April 1, 2019.) Plaintiff then testified that he "noticed the steps were wet. I mean, the aisle was wet going up to the aisle --- going through the aisle it was wet." (Yarweh Dep. 40:20-22, April 1, 2019.) Subsequently, Plaintiff stated he could not recall whether he saw the steps before he fell. (Yarweh Dep. 41:3-4, April 1, 2019.) Finally, Plaintiff admitted that he could see the steps before he fell. (Yarweh Dep. 93:12-18, April 1, 2019.) Moreover, in his Response to the instant Motion, Plaintiff admits "he saw water in the aisle near the top of the exit steps, stepped in it, and then slipped as he started down the steps." (Pl.'s Resp. Mot. Summ J. 6.)

Although Plaintiff has given several different accounts as to whether he saw the steps before he fell, he has not provided this Court with an explanation or clarification for the

6

contradictions.[4] Plaintiff further attempts to divert attention from the inconsistencies in his own statements by pursuing a hearsay argument regarding yet another contradiction found in his medical records. (Pl.'s Resp. Mot. Summ. J. 6.) Plaintiff does not dispute the accuracy of the medical records, but rather contends use of the medical records should be limited to solely medical related purposes. (CSUF ¶¶ 20-21.) However, "statements for purposes of medical diagnosis or treatment are not excluded by the hearsay rule when those statements are made for — and [are] reasonably pertinent to — medical diagnosis or treatment; and describ[e] medical history; past or present symptoms or sensation; their inception; or their general cause." Fed. R. Evid. 803(4). As such, the statements in Plaintiff's medical records that Plaintiff "believed he missed a step then felt and heard his (right) ankle pop," or that "he tripped and, in order to protect his daughter, he fell, taking the brunt of the trauma." describe the general cause of the symptoms for which he was being treated shortly after the incident at bar. (Mot. Summ. J. Ex. C, D.) The court is permitted to assume Plaintiff relayed this information to medical personnel so that Plaintiff's injuries could be adequately assessed and treated. As such, Plaintiff's medical

---

[4] In response to the instant Motion, Plaintiff presents a spoliation argument. Specifically, Plaintiff contends Defendant failed to preserve video footage of the incident, which Plaintiff's counsel requested approximately one month after the incident, and which he contends would resolve any conflicts in Plaintiff's testimony. (CSUF ¶ 24; Pl.'s Resp. Summ. J. 2.) Plaintiff's counsel's request to Defendant was dated June 15, 2018 and was received on June 18, 2018. (Pl.'s Resp. Summ. J. 2, Exh. 5.) However, throughout the course of subsequent discovery, Plaintiff never objected to Defendant's alleged failure to preserve any potentially pertinent video that might have existed, nor did he motion the court for a spoliation ruling prior to the arbitration hearing. Accordingly, the issue has been waived. *See QVC, Inc. v. MJC Am., LTD.,* 904 F. Supp. 2d 466, 491 n.17 (E.D. Pa. 2012) (denying request for a spoliation inference for failing to timely raise the issue); *Johnston v. Sch. Dist.*, Civil Action No. 04-4948, 2006 U.S. Dist. LEXIS 18791, at *17 (E.D. Pa. April 12, 2006) (failure to timely make spoliation objection renders the issue waived).
.

records are not hearsay and clearly show that it was Plaintiff's own carelessness and not a breach of duty by Defendant that caused the alleged injury.

### ii. Circumstantial Evidence

Aside from Plaintiff's inconsistent accounts of the incident, his claim for negligence is based on circumstantial evidence of wet steps. Defendant asserts that such circumstantial evidence is not sufficient to outweigh any other possible cause of Plaintiff's fall. (Def's Reply 2)

Direct evidence is not required to prove negligence; "a plaintiff may use circumstantial evidence to prove negligence." *Galullo v. Fed. Express Corp.*, 937 F. Supp. 392, 397 (E.D. Pa. 1996). However, under Pennsylvania law, "the mere happening of an accident is not evidence of proof of negligence on the part of anyone." *Id*. It is not necessary that every fact or circumstance undoubtably shows liability; it is enough that there are sufficient facts for a reasonable jury to find in favor of liability. *Smith v. Bell Tel. Co.*, 153 A.2d 477, 480 (1959). To that end, circumstantial evidence must be adequate enough to establish the conclusion sought and "must so preponderate in favor of the conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Id*.

Defendant argues that the more plausible causes for Plaintiff's fall include the fact that he was carrying his daughter and possibly an additional bag, and was unable to see the steps. (Def.'s Mot. Summ J. 4.) Plaintiff's medical record states: "he tripped and in order to protect his daughter, he fell, taking the brunt of the trauma." (Mot. Summ. J. Ex. D.) In view of this Court's acceptance of the medical statements as non-hearsay, the court finds Plaintiff has failed to establish causation through circumstantial evidence or otherwise.

### iii.   Duty of Care

Lastly, Defendant argues that if the circumstantial evidence of wet steps is accepted as fact, "wet steps during a rain event does not establish negligence." (Mot. Summ. J. 5.)  This Court finds the combination of known dangerous weather conditions—namely, rain—coupled with Plaintiff's knowledge of water already on the floor inside the bus, renders the existence of the water on the steps a risk that was not unreasonable. *See  Harrison v. Megabus Northeast, LLC*, Civil Action No. 12-5017, 2013 U.S. Dist. LEXIS 145910, at *7 (E.D. Pa. Oct. 9, 2013) (finding no genuine issue of material fact on duty of care bus driver owed to Plaintiff "because Plaintiff has admitted that she could (and did) reasonably anticipate that the bus might accelerate or decelerate suddenly while she was descending the stairs. She, and relatives traveling with her, testified that the stop-and-go traffic, and concomitant acceleration and braking by the driver, had been occurring for an extended period of time preceding Plaintiff's fall. Plaintiff testified that she could see the heavy traffic through the window as she moved toward the stairs, that she held the seat-backs for stability as she walked down the aisle, and that she waited briefly at the top of the stairs because she was anticipating further jerking.").

To the exent Plaintiff argues Defendant breached its duty to follow certain protocols, the record is devoid of  any evidence to show the existence of specific protocols, policies, processes, or procedures Defendant purportedly did not follow.

Consequently, this Court finds that Plaintiff has failed establish a breach of duty by Defendant—an essential element to Plaintiff's negligence claim.[5]

---

[5] To the extent Plaintiff attempts to argue Defendant had a duty to discover and warn Plaintiff of any water on the aisle or steps of the bus (CSUF ¶ 28), Plaintiff testified that he did not disembark the bus upon its arrival at the Harrisburg depot but instead, waited before doing so. (Yarweh Dep. 39:5-12.)  By this time (approximately 5 to 10 minutes after arriving at the depot),

9

## V. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II   J.

---

numerous passengers had already exited, therefore the driver left the bus to go inside and "check in." (Yarweh Dep. 39:24-25, 40:1-25, 41:1-24; Ortega Dep. 20:4-24, Feb. 14, 2019.)  Plaintiff further testified that during that time, he noticed water on the floor and picked up his child because he "didn't want her to slip." (Yarweh Dep. 39:14-17; *see also* Arb'n Hrg. Tr. 7:7-12.) As such, any contention that Defendant had a duty to discover or warn of a condition Plaintiff already had clear knowledge of, and appreciation for, is without merit.